IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES T. ZUFFANTE,              )<br>　　　　Petitioner,              )<br>vs.                                            )<br>                                                  )<br>WILLIAM STEPHENS, Director,  )<br>Texas Department of Criminal    )<br>Justice, Correctional Institutions Division, )<br>　　　　Respondent.           ) | No. 3:13-CV-1146-B (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Amended Miscellaneous Order No. 6* (adopted by *Special Order No. 2-59* on May 5, 2005), and the order of reference dated September 12, 2014, before the Court is the petitioner's *Motion for Leave to Proceed In Forma Pauperis,* received on September 11, 2014 (doc. 37). Based on the relevant filings and applicable law, the motion should be denied.

By order and final judgment entered on July 16, 2014, Charles T. Zuffante's (Petitioner) petition for writ of habeas corpus under 28 U.S.C. § 2254 was denied with prejudice. (*See* docs. 34-36.) Petitioner did not file a notice of appeal of that order or judgment. On September 11, 2014, however, he filed a motion for leave to proceed *in forma pauperis* (IFP). He has not filed anything else since the judgment was entered.

"Under well-settled principles, a timely motion to proceed in forma pauperis on appeal is the substantial equivalent of a notice of appeal and is effective to invoke appellate jurisdiction." *Fischer v. U.S. Dept. Of Justice*, 759 F.2d 461, 464 (5th Cir. 1985) (citing *Robbins v. Maggio*, 750 F.2d 405, 408-09 (5th Cir. 1985); *see also Hill v. Kervin,* 326 F. App'x 279, 280 (5th Cir. 2009) (citing *Fischer*). Here, Petitioner's IFP motion was filed several weeks beyond the thirty-day time period for timely filing a notice of appeal, however. In order to qualify as the equivalent of a notice of appeal, a "document should accomplish the dual objectives of (1) notifying the court and (2)

notifying opposing counsel of the taking of an appeal." *Fischer*, 759 F.2d at 464 (quoting *Van Wyk El Paso Investment, Inc., v. Dollar Rent-A-Car Systems*, 719 F.2d 806, 807 (5th Cir. 1983)). Petitioner's IFP motion does not in any place use the word "appeal", refer to the judgment or any other order, or state to which court the appeal is to be taken. *Cf.* Fed. R. App. P. (3)(c)(1)(listing the required contents of a notice of appeal). Because Petitioner's IFP motion is not filed within the time to file a notice of appeal, and does not otherwise show any intent to take an appeal, it is not liberally construed as a notice of appeal.

The Federal Rule of Appellate Procedure 4(a)(5) authorizes a district court to extend the time to file a notice of appeal if the party files a motion no later than 30 days after expiration of the 30-day time prescribed by Rule 4(a)(1) for filing a notice of appeal, and also shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5). Because it was filed within the time prescribed by Rule 4(a)(5), Petitioner's September 11, 2014 IFP motion may be liberally construed as a motion for extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). *See United States v. Garcia-Matias*, No. M-12-0118-&, 2013 WL 3884234, at *1 (S.D. Tex. July 25, 2013) (citing *United States v. Await*, 728 F.2d 704, 705 (5th Cir. 1984) (courts generally treat a pro se notice of appeal filed after the time for filing the notice of appeal but before the expiration of the 30-day time to seek an extension as a motion for extension of time to appeal); *United States v. Crespo,* Cr. No. C-10-009-1, 2010 WL 4678707 (S.D. Tex. Nov. 8, 2010) (construing late-filed motion for appointment of counsel as both a notice of appeal and a request for extension of time to file an appeal, but denying request for extension as untimely) (citing *United States v. Plasencia,* 537 F.3d 385, 388 (55h cir. 2008)). Petitioner has provided no argument to support a finding that a motion for extension of time is supported by good cause or excusable neglect. Even if construed

2

as a motion for extension of time to file a notice of appeal, an extension should therefore also be denied.

Petitioner's motion should be denied.

**SIGNED this 22nd day of September, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE